UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 3:14-00106 |
| | ) | **Judge Sharp** |
| **RAYMOND HILL** | ) | |

# ORDER

In accordance with the discussions at the final pretrial conference on January 11, 2016, the Court confirms the following rulings:

Defendant's omnibus Motion in Limine (Docket No. 69) is granted in part, denied in part, and reserved in part as follows:

(1) The Court RESERVES RULING on Defendant's motion to exclude any attempted in-court identification;

(2) The Court RESERVES RULING on Defendant's motion to exclude phone calls alleged to have been made to or by Mark Borowiak on the day of the bank robbery;

(3) Defendant's motion to exclude any reference to the withdrawal of his alibi defense is hereby GRANTED to the extent he filed a notice and later withdrew it, but DENIED to the extent it seeks to preclude the Government from producing tangential evidence, including eliciting testimony from Tracy Lloyd regarding Defendant's appearance at or near the time of the robbery;

(4) Defendant's motion to exclude any reference to prior convictions is GRANTED, except that the issue will be revisited if Defendant takes the stand;

(5) The Court hereby RESERVES RULING on Defendant's motion to exclude any

reference to his allegedly attempting to get a woman to claim he was doing contract work for her on the day of the robbery;

(6) The Court hereby RESERVES RULING on Defendant's motion to exclude any reference to his alleged heroin habit and shooting up immediately prior to his arrest;

(7) Defendant's motion to exclude any reference to statements about pleading guilty if the Government "lowered the time" is GRANTED.

At the pretrial conference, the Court took under advisement Defendant's Motion in Limine to Exclude Government's Lay Opinion Testimony (Docket No. 63). By way of that Motion, Defendant seeks to preclude lay opinion from witnesses who allegedly identified him as the robber based on bank surveillance photographs. Having reviewed the matter, that Motion is GRANTED.

Under Rule 701 of the Federal Rules of Evidence, lay "testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; [and] (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue[.]" Fed. R. Evid. 701. Whether to admit such testimony is in the sound discretion of Court. United States v. Dixon, 413 F.3d 540, 444 (6th Cir. 2005).

"[L]ay opinion identification testimony is helpful to the determination of whether a suspect depicted in a photograph is the defendant where 'there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury.'" Id. at 745 (quoting, United States v. Farnsworth, 729 F.2d 1158, 1160 (8th Cir.1984)). In Dixon, the Sixth Circuit noted several factors that are "relevant to the analysis: (1) the witness's general level of familiarity with the defendant's appearance; (2) the witness's familiarity with the defendant's appearance at the time the surveillance photograph was taken or when the defendant was dressed

2

in a manner similar to the individual depicted in the photograph; (3) whether the defendant had disguised his appearance at the time of the offense; and (4) whether the defendant had altered his appearance prior to trial." Id.

In this case the relevant factors weigh against admissibility. The record before the Court suggest that none of the proffered witnesses save Ms. Lloyd saw Defendant around the time of the robbery, or in a disguise similar to that worn by the perpetrator. Further, and as the Court noted at the hearing, the surveillance photographs are of relative good quality, and the jury is in as good as position as any to determine whether the individual depicted in the photographs is Defendant. While the robber wore a disguise consisting of a bandanna and pantyhose over his face, the unrebutted testimony of Dr. David H. Ross, who was called as an eyewitness identification expert by Defendant, suggests that the risk of an improper identification for those wearing disguises is particularly high. It might be even more so here, given Dr. Ross's unrebutted opinion that the collection of the eyewitness identification was not done in accordance with standard guidelines and protocols governing the collection of such evidence. Finally, there is no evidence before the Court that Defendant has significantly altered his appearance since the time the bank was robbed.

In so ruling, the Court has considered the Government's argument that publicizing the surveillance photographs prompted some individual to contact law enforcement authorities, so as to voice their concerns that the perpetrator looked like Defendant. This is but a backdoor way of getting that evidence before the jury and is particularly problematic, since it appears that others who saw the surveillance photographs that were released by the F.B.I. to the news media identified someone other than Defendant. In the Court's view, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and could mislead the jury within the

meaning of Rule 403 of the Federal Rules of Evidence.

The Court also took under advisement Defendant's Motion Regarding the Admissibility of the Testimony of Special Agent David Magnuson (Docket No. 64). On or before January 15, 2016, the Government shall provide Defendant an expert report from that witness. On or before January 20, 2016, Defendant shall supplement his brief on that issue in light of the report, and the Government shall file a brief supporting the admissibility of Special Agent Magnuson's proposed testimony.

The parties shall confer and file a complete set of proposed jury instructions and a verdict form on of before the close of business on January 22, 2016. If after so conferring, the parties cannot agree on certain specific individual substantive instruction(s) and/or the verdict form, they shall note their disagreement, and file proposed alternative(s) by that time.

Finally, the trial date of January 26, 2016 is confirmed.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE